OPINION OF THE COURT
Joseph J. Sedita, J.
This is a motion for summary judgment. Plaintiffs seek payment in full by the defendant insurance companies for a loss from a fire on their property. The amount of the damages is not in dispute. The only dispute is over whether or not the “coinsurance” clauses of the insurance policies limit the companies’ liability to something less than the full amount of the damages under the facts of this case.
Three insurance companies are involved here. Two companies provide primary coverage and the third company provides “excess” coverage. The concept of “coinsurance” and its implementing clause in these policies is designed to penalize those who insure their property for less than a substantial percentage of its fair market value. In this case, the fair market value of the property was determined to be $45,000. Eighty percent (the percentage used in these particular clauses) of this figure would, therefore, be $36,000. The two policies giving primary coverage totaled $30,000 ($15,000 on each policy). Since this amount is less than $36,000, the defendants argue that the coinsurance clause is “triggered” and the plaintiffs lose their right to full coverage on their loss. Plaintiffs, however, assert that the “excess” or secondary coverage of the third policy should be considered in determining whether or not the *52 coinsurance clause is “triggered”. This dispute has not been clearly resolved by statute or case law, so this would appear to be a case of the first impression on this precise point.
To resolve this dispute, let us first look at the relevant language of the “secondary” “excess” policy. It reads in part: “Coverage under this policy is excess insurance over any other insurance or indemnity, and shall not be treated as contributing with any other insurance or indemnity.” (Emphasis mine.)
The specific language of this insurance contract expressly sets it apart from consideration with “primary” coverage policies. We additionally note that the New York Court of Appeals has specifically held that an excess carriers’ coverage was not to be considered in determining total coverage for purposes of prorating liability on a claim among primary concurrent insurers. (See General Acc. Fire & Life Assur. Corp. v Piazza, 4 NY2d 659.)
The intent of coinsurance clauses is clearly to reward those who insure at close to full value and to penalize those who insure at less than full value. (See Couch, Insurance [2d ed], § 62:123; New York Life Ins. Co. v Glens Falls Ins. Co., 184 Misc 846.) To permit “secondary” excess insurance, which is procured at a substantially reduced rate, to be utilized to determine the “triggering” of the “coinsurance” clause would defeat the clear purpose of this clause in these contracts of insurance.
The conclusion, which is impelled by the analysis set forth above, is that the “secondary” “excess” coverage should not be permitted to be utilized in determining the “triggering” of the coinsurance clauses of the primary coverage.
Accordingly, this motion is denied.